**Robert Michael DUFF, Petitioner,**

v.

**Richard F. ROCKWELL, Commanding Officer, U.S.S. Warrington, Secretary of Defense, Melvin Laird, Secretary of Navy, John H. Chafee, Respondents.**

**Civ. A. No. 4475.**

United States District Court,
D. Rhode Island.

March 1, 1971.

**440**

Milton Stanzler, of Abedon, Michaelson, Stanzler & Biener, Providence, R. I., for petitioner.

Lincoln C. Almond, U. S. Atty., Everett C. Sammartino, Asst. U. S. Atty., Providence, R. I., for respondents.

## OPINION

DAY, Chief Judge.

This is a petition for a writ of habeas corpus, under the provisions of 28 U.S.C. § 2241(c), by Robert Michael Duff, a member of the United States Navy, stationed at the Newport Naval Base, at Newport, Rhode Island, to test the legality of his detention in the Navy.

Upon the filing of said petition and after a consideration of its allegations, I entered an order to show cause under the provisions of 28 U.S.C. § 2243. Thereafter by agreement of counsel for the parties said petition was heard by me on January 12, 1971. No testimony was presented during said hearing and the only evidence submitted for my consideration were copies of the naval records relating to the application of the petitioner for his discharge from the service as a conscientious objector pursuant to the provisions of Department of Defense Directive (hereinafter referred to as D.O.D.) 1300.6, as amended May 10, 1968, and Department of Navy Bupersman 1860120. (Petitioner's Exhibits A, B, C and D). Counsel for the parties stipulated that said exhibits were true copies of the originals thereof and were to be considered by me in determining the merits of said petition. After oral arguments of counsel I reserved decision pending the filing of memoranda by counsel in support of their respective contentions as to the merits of said petition.

On January 13, 1971, I entered an order restraining the respondents from ordering or suffering the petitioner to be removed from the jurisdiction of this Court pending the final determination of the merits of this proceeding.

An examination of said naval records establishes the following facts. The petitioner attended the College of the Holy Cross, Worcester, Massachusetts from September, 1965 to June, 1969, and was enrolled in the Naval Reserve Officers Training Corps at said college. Upon his graduation therefrom in June, 1969, he was awarded and accepted a commission as an Ensign in the United States Navy. He was immediately assigned to service upon the U.S.S. Warrington. On June 5, 1970, he was awarded and accepted a commission as a Lieutenant Junior Grade. Thereafter, on or about July 8, 1970, he filed said application for his discharge as a conscientious objector.

In said application he included a lengthy statement of his religious beliefs, including his belief in a Supreme Being, the reasons for his conscientious objection to his further service in the Navy, and when said beliefs matured. He also filed with his application a statement wherein he acknowledged that his discharge as a conscientious objector would bar all rights, based upon the period of service from which he was discharged, under any laws administered by the Veterans' Administration except his legal entitlement (if any) to any war risk, government (converted) or National Service Life Insurance.

In accordance with the provisions prescribed in said D.O.D. 1300.6, as amended, and in said Bupersman 1860120, petitioner was accorded a hearing on his application before Lieutenant Richard B. Schiff, a legal officer, on August 17, 1970. The transcript of said hearing establishes that Lieutenant Schiff questioned the petitioner closely as to his claimed beliefs and as to the time when they matured. On September 4, 1970,

in a written report to the petitioner's Commanding Officer, Lieutenant Schiff stated that he believed the petitioner to be sincere in his beliefs which crystallized after his entry into the Navy, and recommended that he "be separated from the naval service by reason of conscientious objection."

Similarly, in conformity with said regulations, the petitioner was interviewed by Lieutenant V. H. Kurlak, Jr., a division chaplain, and Lieutenant Commander Gary E. Poser, a psychiatrist. Each of them, in his respective report, stated that he believed the petitioner to be sincere in his religious beliefs and motivation in applying for his discharge as a conscientious objector.

Thereafter, on September 21, 1970, the respondent, Richard F. Rockwell, Commanding Officer, U.S.S. Warrington, forwarded petitioner's application and the reports of said hearing and of interviews to the Chief of Naval Personnel. In his letter of transmittal he recommended approval of the petitioner's application for discharge and stated therein that "Lt. J.G. Duff's usefulness as an officer is considered non-existent".

Subsequently, in a letter to the petitioner, dated November 13, 1970, the Deputy Chief of Naval Personnel advised petitioner that the Chief of Naval Personnel had determined that he failed to qualify for status as a conscientious objector. He further stated in said letter:

"2. The views which you now espouse appear to be recent and superficial manifestation of your dissatisfaction with military life. You claim that you began to question your future in the navy in 1968, but your conscience permitted you to continue to accept financial assistance for which you would return service. A year later, in June 1969, your conscience permitted you to accept your commission and to take the oath of office 'freely, without any mental reservation or purpose of evasion.' In August 1970 you told the interviewing officer that your views had crystallized 'within the last several months', but a month earlier you had accepted your promotion to lieutenant (junior grade). Your claim to the deep, life-controlling beliefs of a conscientious objector is not credible and your application is, therefore, disapproved."

The fact of the matter is that the petitioner received his promotion on June 5, 1970, not during July 1970 as the Deputy Chief of Personnel stated in his letter. Although he characterizes the petitioner's statement as to his beliefs and his statement as to when they crystallized as not being credible, each of the officers who interviewed him found that he was sincere and that his claim was credible. It is to be noted that the Deputy Chief of Naval Personnel did not have the benefit of an interview with the petitioner.

In opposing this petition the Government contends that the petitioner's present beliefs, which he says crystallized on or about July 8, 1970 or shortly before that date when his application was prepared, are inconsistent with his earlier views and actions and hence not credible. A similar contention by the Government was rejected by the Court of Appeals for this Circuit in Bates v. Commander, First Coast Guard District, 413 F.2d 475 (1 Cir. 1969) where the Court said at Page 478:

"The Commandant's initial findings implicitly attack the petitioner's sincerity. But by holding that petitioner's present claim is inconsistent with his prior voluntary enlistment, the Commandant puts him in a 'hanged if he does, hanged if he doesn't' predicament. Under DOD Directive 1300.6 IV B2, conscientious objection will not be considered unless it arose after induction or enlistment. By the Commandant's reasoning, therefore, petitioner's claim cannot be considered if it arose prior to his enlistment and is evidence of insincerity if it arose afterwards. By the force of this logic, no member of the armed services could ever qualify as a conscientious ob-

jector. In this context we note the four clergymen and the Coast Guard hearing officer with whom he had interviews never doubted his sincerity. It is well established that even under the 'no basis in fact,' test, doubt as to sincerity cannot be predicated on mere speculation. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953)."

The applicable scope of judicial review in a case such as this is the limited "no basis in fact" standard used in the review of Selective Service Classifications. Hammond v. Lenfest, 398 F. 2d 705 (2d Cir. 1968); Bouthillette v. Commanding Officer, Newport Naval Base, 318 F.Supp. 1143 (D.R.I.1970); Benway v. Barnhill, 300 F.Supp. 483 (D.R.I.1969); Cooper v. Barker, 291 F. Supp. 952 (D.Md.1968). See United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

Petitioner's beliefs as set forth in his lengthy statement thereof fall clearly within the definition of religious beliefs which the Supreme Court in United States v. Seeger, supra, 380 U.S. at page 174, 85 S.Ct. at page 858, defined as follows:

> "Some believe in a purely personal God, some in a supernatural deity; others think of religion as a way of life envisioning as its ultimate goal the day when all men can live together in perfect understanding and peace."

The issue before me is whether or not there was any basis in fact for the finding by the Chief of Naval Personnel that the petitioner failed to qualify for status as a conscientious objector.

After a careful review of the entire record before me I am convinced that there is no reasonable doubt as to the sincerity of the petitioner in requesting discharge from the naval service as a conscientious objector, and that his beliefs crystallized after his acceptance of said commission. Each of the officers who interviewed him found him to be sincere in his beliefs and to be truthful. The record is devoid of any evidence which impeaches the sincerity or depth of his beliefs. Similarly I find no basis in fact in the record to support the finding by the Chief of Naval Personnel that the petitioner failed to qualify for status as a conscientious objector.

Accordingly, an order will be entered granting his petition for a writ of habeas corpus, and since he is being illegally deprived of his liberty, discharging him immediately from the custody of the United States Navy and from the custody of the respondents. Said order will further provide that its effect will be stayed for a period of fifteen (15) days to allow the respondents, if they elect to do so, to seek a further stay from the Court of Appeals for the First Circuit.

The order entered by this Court on January 13, 1971 shall remain in effect unless and until modified or vacated by said Court of Appeals.